IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARQUIS RAMEY, | No. 4:21-CV-01018 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ROBERT MARSH, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 7, 2022

Plaintiff Marquis Ramey is currently incarcerated at the State Correctional Institution, Benner Township (SCI Benner) in Bellefonte, Pennsylvania. He filed the instant Section 1983[1] action claiming First, Eighth, and Fourteenth Amendment violations.[2] Following a magistrate judge's recommendation of dismissal,[3] Ramey filed an amended complaint.[4] He identifies 19 defendants and the same constitutional grounds for relief in his amended pleading. Because Ramey's amended complaint plainly fails to state a claim for relief against the named Defendants, the Court will dismiss Ramey's amended pleading.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] Doc. 1.
[3] Doc. 5.
[4] Doc. 6.

I.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[5] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[6] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[7]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[8] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[9] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[5] *See* 28 U.S.C. § 1915A(a).
[6] *Id.* § 1915A(b)(1).
[7] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[8] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[9] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[10]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[11] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[12] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[13] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[14] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

Because Ramey proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[16] This is particularly true when the *pro se* litigant, like Ramey, is incarcerated.[17]

---

[10] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[11] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[12] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[13] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[14] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[15] *Iqbal*, 556 U.S. at 681.
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[17] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II. DISCUSSION

Ramey's amended complaint alleges First, Eighth, and Fourteenth Amendment violations by 19 prison officials, but most of his claims are difficult to parse.[18] He contends that his First Amendment rights were violated by several correctional officers who retaliated against him by intentionally skipping him during dinner service on January 15, 2020, and then returning minutes later with a tray "contaminated [with] what appears to be tobacco spit" in the food.[19] Ramey also alleges that his Eighth Amendment rights were violated by SCI Benner officials for "failure to protect" him from exposure to Covid-19 when they allowed too many inmates to attend recreation together and he contracted the virus.[20] Ramey's Fourteenth Amendment procedural due process claim is vague at best. He appears to assert that eleven defendants—most of them members of SCI Benner's Program Review Committee (PRC)—failed to provide "constitutionally legal fairness" when Ramey "objected to the harassment, unlawful restraint, and negligence."[21] We review the sufficiency of each Section 1983 claim in turn.

---

[18] *See* Doc. 6 at 1-4. Ramey also purports to assert state-law "torts of negligence," *id.* at 1-2, but does not discuss or develop such claims within his amended complaint. The Court, therefore, declines to discuss these inchoate claims.
[19] *Id.* at 1, 6-7 (internal quotation marks omitted).
[20] *Id.* at 1, 5-6, 8.
[21] *Id.* at 1, 9.

## A. First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[22] To state a First Amendment retaliation claim, a prisoner must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the inmate's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[23]

Ramey claims that he was retaliated against by Officer Hoffman, Officer Riddle, Officer Sporar, and Lieutenant Macidym by being denied a meal because he previously filed a civil lawsuit in which Macidym was named as a defendant.[24] Ramey's allegations fail to state a retaliation claim for several reasons.

First, Ramey has not alleged causation for Hoffman, Riddle, or Sporar. Nothing in his amended complaint indicates why Ramey's previous lawsuit would be a substantial or motivating factor in these officers' allegedly retaliatory conduct

---

[22] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).
[23] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[24] *See* Doc. 6 at 7 (citing *Ramey v. Marsh*, No. 3:19-cv-636 (M.D. Pa. 2019)).

of denying Ramey a meal.  Second, although Ramey identifies a possible motive for retaliation by Macidym, he does not allege that Macidym took any adverse action against him.

Finally, it does not appear that withholding a single meal (either completely or because the meal provided was tainted) qualifies as an adverse action for a First Amendment retaliation claim.  To satisfy the adverse action requirement, a plaintiff must show that, objectively, the action "was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights."[25]  The adverse action "need not be great," but it does need to be "more than *de minimis*."[26]  Withholding a meal on a single occasion likely does not rise above the *de minimis* level to implicate an actionable constitutional violation.[27]

### B.     Eighth Amendment Failure to Protect

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was

---

[25] *Rauser*, 241 F.3d at 333 (alteration omitted) (quoting *Allah*, 229 F.3d at 225).
[26] *Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)).
[27] *See Romero v. Lann*, 305 F. App'x 242, 243 (5th Cir. 2008) (nonprecedential) (holding that denial of two meals over eight months was *de minimis* for retaliation claim); *cf. Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential) (finding that denial of three meals over two days "fails to rise to the level of a[n Eighth Amendment] violation"); *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (holding that denial of meals on two isolated occasions did not implicate Eighth Amendment violation).  *But see Watison v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012) (finding that denial of single meal was "more than minimal" harm because it was "deprival of food") (citation omitted).

deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[28] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[29] Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[30]

By piecing together different parts of the amended complaint and applying liberal construction, it appears that Ramey alleges that Robert Marsh (Superintendent of SCI Benner) and unidentified Medical Department defendants "failed to protect" him from Covid-19.[31] No facts are pled about how this purportedly occurred other than Ramey's assertions that, after the initial Covid-19 lockdown was lifted, recreation numbers were expanded too quickly and too many inmates were permitted to gather at one time.[32]

---

[28] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).
[29] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[30] *Id.* (quoting *Farmer*, 511 U.S. at 842).
[31] *See* Doc. 6 at 5, 8. It is possible that Ramey also contends that other officials are responsible for this constitutional tort, but the Court is simply unable to tell from Ramey's amended pleading. Ramey's assertions against other Defendants are contained in his "Claim for Relief" section and are nothing more than unadorned legal conclusions that those Defendants caused "physical, mental and emotional injury resulting from their failure to protect from pandemic [sic] and negligence during recovery." *Id.* at 9. This type of conclusory pleading is both insufficient under *Ashcroft v. Iqbal* and fails to properly allege personal involvement in the purported constitutional violation, *see Dooley*, 957 F.3d at 374.
[32] Doc. 6 at 5.

Ramey's allegations fail to state an Eighth Amendment failure-to-protect claim. Ramey does not plausibly allege facts that show that his conditions of incarceration posed a substantial risk of serious harm. For example, Ramey—who is wheelchair bound—does not allege that he was required to attend overcrowded recreation sessions, or that he was forced to be housed with inmates who were. In fact, Ramey does not include *any* allegations regarding his own conditions of confinement at SCI Benner other than conclusory claims that he was sent to the RHU improperly. Furthermore, Ramey does not allege that Marsh or the Medical Department staff members had any knowledge of the purported recreational overcrowding, let alone that they were deliberately indifferent to an excessive risk to Ramey's safety. Accordingly, Ramey's Eighth Amendment failure-to-protect claims must be dismissed.[33]

### C. Fourteenth Amendment Due Process

Ramey also invokes the due process clause of the Fourteenth Amendment. To plausibly state a Section 1983 claim for deprivation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or

---

[33] To the extent that Ramey attempts to assert an Eighth Amendment claim for "cruel and unusual punishment" independent of his failure-to-protect claim, *see id.* at 1, he does not set forth plausible allegations beyond bare legal conclusions.

8

property,' and (2) the procedures available to him did not provide 'due process of law.'"[34]

Although difficult to discern, it seems that Ramey contends that multiple members of the PRC failed to "provide constitutionally legal fairness" in response to complaints he raised.[35]  This Fourteenth Amendment claim fails because it is completely undeveloped.  Among other deficiencies, Ramey does not (1) identify a liberty or property interest protected by the Fourteenth Amendment that he believes was infringed[36]; (2) allege facts that describe how his due process rights were purportedly violated; or (3) plausibly state facts showing personal involvement by any Defendant.  Ramey's bare legal conclusions that his Fourteenth Amendment rights were violated "are not entitled to the assumption of truth" and can be disregarded.[37]  The Court, therefore, must dismiss Ramey's procedural due process claim.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment

---

[34] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

[35] Doc. 6 at 1, 9.

[36] The Court notes that, to the extent that Ramey alleges a due process violation in the way his grievances were handled by the PRC, such allegations "do not state a cognizable [procedural due process] claim under Section 1983." *Williams v. Armstrong*, 566 F. App'x 106, 108-09 (3d Cir. 2014) (nonprecedential) (citing, *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases)).

[37] *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

would be inequitable or futile."[38]  This is Ramey's second attempt to state plausible claims for relief.  Because amendment would be futile for Ramey's First Amendment retaliation claim, that claim will be dismissed with prejudice.  Ramey will be given one final opportunity to amend his Eighth Amendment failure-to-protect and Fourteenth Amendment procedural due process claims.  Ramey is admonished that his second amended complaint must cure the numerous deficiencies set forth above or his civil action will be dismissed with prejudice.  Furthermore, the second amended complaint must contain the same case number assigned to this action (4:21-CV-1018), must be a standalone document without reference to any previous pleadings, and must comply with the Federal Rules of Civil Procedure.

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss Ramey's amended complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  Ramey will be afforded one final opportunity to amend his pleadings related to his Eighth Amendment failure-to-protect and

---

[38] *Grayson*, 293 F.3d at 114.

Fourteenth Amendment procedural due process claims.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge