IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS RAMEY, | : | No. 4:21-CV-01018 |
| Plaintiff, | : | |
| | : | (Chief Judge Brann) |
| v. | : | |
| ROBERT MARSH, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**MAY 6, 2022**

Plaintiff Marquis Ramey is currently incarcerated at the State Correctional Institution, Benner Township (SCI Benner) in Bellefonte, Pennsylvania. He filed the instant Section 1983[1] action claiming constitutional violations with respect to his COVID-19 treatment at SCI Benner.[2] Currently pending is Ramey's third amended complaint—his fourth attempt to state a viable cause of action. Because Ramey's third amended complaint once again plainly fails to state a claim upon which relief may be granted, the Court will dismiss Ramey's Section 1983 action with prejudice.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1.

## I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[3]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[4]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[5]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[6]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[7]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[3]  *See* 28 U.S.C. § 1915A(a).  Section 1915A screening of amended complaints is likewise required.  *See Fields v. Venable*, 674 F. App'x 225, 228 (3d Cir. 2016) (nonprecedential) (noting that district court "fulfill[ed] its duty to screen" *pro se* prisoner's amended complaint).

[4]  *Id.* § 1915A(b)(1).

[5]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[6]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[7]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[8]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[9]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[10]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[11]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[12]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

Because Ramey proceeds *pro se*, his pleadings are to be liberally construed and his third amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[14]  This is particularly true when the *pro se* litigant, like Ramey, is incarcerated.[15]

---

[8]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[9]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[10]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[13]  *Iqbal*, 556 U.S. at 681.
[14]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[15]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

For nearly a year, Ramey has struggled to state a plausible claim for relief under 42 U.S.C. § 1983. He filed his initial complaint in June 2021,[16] and Magistrate Judge Martin C. Carlson recommended that the pleading be dismissed for failure to state a claim.[17] Specifically, Magistrate Judge Carlson found that Ramey's allegations were difficult to understand and failed to include personal involvement by the named Defendants.[18]

Rather than objecting to Magistrate Judge Carlson's report and recommendation, Ramey filed his first amended complaint.[19] That pleading, too, was insufficient as a matter of law. In February 2022, the Court dismissed the first amended complaint with and without prejudice.[20] The Court dismissed Ramey's First Amendment retaliation claim with prejudice but granted Ramey leave to amend his Eighth and Fourteenth Amendment claims.[21] Specifically, the Court found that Ramey's Eighth Amendment allegations did not establish conditions of incarceration that posed a substantial risk of serious harm nor knowledge of that risk on the part of the named defendants.[22] Ramey's Fourteenth Amendment procedural due process claim was likewise found to be deficient, as he had failed to

---

[16]  Doc. 1.
[17]  Doc. 5.
[18]  *Id.* at 9-12.
[19]  Doc. 6.
[20]  *See generally* Docs. 10, 11.
[21]  *See* Doc. 10 at 4-10.
[22]  *Id.* at 7-8.

(1) identify a protected liberty or property interest, (2) allege facts showing how his due process rights were violated, or (3) plausibly state facts showing Defendants' personal involvement.[23]

On March 7, 2022, Ramey filed a "motion to amend complaint," which appeared to be an attempt to file a second amended complaint.[24] That filing was flawed in several material ways. Ramey's second "amended complaint" failed to name any defendants, did not contain allegations of personal involvement, and attempted to build on previous complaints without incorporating or adopting those earlier pleadings.[25] The Court dismissed the second amended complaint and gave Ramey one last chance to file an all-inclusive, third amended complaint that addressed the numerous deficiencies in his prior pleadings.[26]

Ramey's third amended complaint,[27] like his previous filings, is insufficient as a matter of law. Ramey attempts to allege Eighth and Fourteenth Amendment violations by 18 named prison officials and several unidentified prison medical

---

[23] *Id.* at 9.
[24] *See* Doc. 14.
[25] *See* Doc. 15 at 1 & nn.2-4.
[26] *Id.* at 2. Specifically, the Court admonished, "This third amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. The complaint should set forth Plaintiff's Eighth and Fourteenth Amendment claims in short, concise, and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants, as required by the Federal Rules of Civil Procedure." *Id.*
[27] Doc. 17.

department employees.²⁸ But he continues to repeat the same errors this Court has previously identified and thus fails to plausibly plead Section 1983 claims.

### A. Eighth Amendment Failure to Protect

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."²⁹ In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."³⁰ Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."³¹

Ramey alleges that prison officials "failed to protect" him from COVID-19. According to Ramey, at some point he contracted COVID-19, spiked a high fever, and was taken to the quarantine area of SCI Benner for treatment.³² Over the next

---

28 *See id.* ¶¶ 2-8.
29 *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).
30 *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
31 *Id.* (quoting *Farmer*, 511 U.S. at 842).
32 Doc. 17 ¶ 12. Ramey does not provide dates in his third amended complaint. From his initial complaint, it appears that the approximate dates of the events underlying his claims were December 2020 to January 2021. *See* Doc. 1 at 4.

few days, this quarantine area filled up, "mainly from" an outbreak of the virus on "Bravo block," where Ramey was housed.[33]  Ramey's primary complaint seems to be that he was kept too long in quarantine while newly diagnosed inmates were being admitted.[34]  Specifically, he alleges that the "medical department" made him "stay in quarantine two (2) days longer than the C.D.C. requirements," and that this demonstrates "the medical department's deliberate indifference" and a violation of his Eighth Amendment rights.[35]

Ramey's allegations fail to state an Eighth Amendment failure-to-protect claim for multiple reasons.  First, despite repeated admonitions by the Court, Ramey again fails to properly allege personal involvement by the named Defendants.[36]  He attempts to avoid this conclusion by stating in his "Claim for Relief" that "Defendants that are named as Parties no. two, three, and four" failed to protect him.[37]  He also cursorily concludes that being "kept in quarantine beyond the CDC requirements could only be done by policymakers that are in a supervisor role."[38]  These allegations are conclusory and do not demonstrate Defendants' personal involvement in the alleged constitutional violation.[39]

---

[33] Doc. 17 ¶ 13.
[34] *Id.* ¶¶ 13-14.
[35] *Id.* ¶ 14.
[36] *See Dooley*, 957 F.3d at 374 (citation omitted).
[37] Doc. 17 ¶ 18.
[38] *Id.* ¶ 16.
[39] Ramey includes some additional information when initially naming Defendants.  For example, he states that defendants Frankhauser, Deloite, and Unit Manager Stessney "were the officers who were stationed in the infirmary unit and B-block manager [sic]." *Id.* ¶ 3.  Yet even this

7

Even if Ramey had alleged the requisite personal involvement, he has not plausibly alleged facts showing that his conditions of incarceration posed a substantial risk of serious harm. His Eighth Amendment claim is predicated entirely on the fact that he was kept in quarantine for two days longer than recommended by CDC guidelines. Ramey does not explain how this situation, even if true, put him at risk of serious harm, as he admits that he had already been diagnosed with COVID-19 two weeks earlier.

Finally, and perhaps most glaringly, Ramey has not pled facts showing that Defendants' purported deliberate indifference caused him harm. Nowhere in his third amended complaint does Ramey identify how he was harmed by being kept in quarantine for two days longer than recommended by the CDC. Accordingly, Ramey's Eighth Amendment failure-to-protect claim must be dismissed for failure to state a claim for relief.

### B. Fourteenth Amendment Procedural Due Process

Ramey also appears to invoke the due process clause of the Fourteenth Amendment.[40] To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of

---

information, taken as true, does not indicate personal involvement in the alleged Eighth Amendment violation. Ramey has merely pled that these Defendants were potentially present when the purported constitutional tort occurred.

[40] In his third amended complaint, Ramey does not specify what type of Fourteenth Amendment claim he is asserting. However, prior pleadings indicate that Ramey is trying to raise a procedural due process challenge. *See, e.g.*, Doc. 6 at 1, 9; Doc. 14 at 3-4.

an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[41]

Ramey's third amended complaint is even less developed than his earlier, (and also deficient) first amended complaint. Ramey appears to conflate his Eighth Amendment claim with his Fourteenth Amendment claim. At several points in his third amended complaint, he contends that establishing Defendants' "reckless disregard" toward his "health and safety with their deliberate indifference towards" his release from quarantine "would be a showing of the defendants violating [his] Fourteenth (14th) Amendment's [sic] protection of 'life, liberty and property.'"[42]

Ramey is mistaken. A procedural due process claim under the Fourteenth Amendment has its own elements, many of which are missing from Ramey's third amended complaint. Even assuming Ramey has identified an interest protected by the Fourteenth Amendment, he does not allege facts that describe how his due process rights were purportedly violated or plausibly state facts showing personal involvement in that violation by any Defendant. Ramey's bare legal conclusions that his Fourteenth Amendment due process rights were violated by Defendants' deliberate indifference "are not entitled to the assumption of truth" and can be

---

[41] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[42] Doc. 17 ¶¶ 10, 15.

9

disregarded.[43]  The Court, therefore, must dismiss Ramey's procedural due process claim as well.

### C.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[44]  This is Ramey's fourth attempt to state plausible claims for relief, and he is no more successful this time than before.  Due to his "repeated failure to cure deficiencies by amendments previously allowed,"[45] the Court will dismiss Ramey's third amended complaint with prejudice.[46]

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Ramey's third amended complaint (Doc. 17) pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a

---

[43] *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).
[44] *Grayson*, 293 F.3d at 114.
[45] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[46] The Court observes that, in his third amended complaint, Ramey attempts to sue all Defendants in their "official and individual capacity."  *See* Doc. 17 ¶¶ 2-8.  The foregoing discussion addresses Ramey's individual capacity claims.  It is well settled, however, that claims against state officials in their official capacity are akin to civil actions "against the State itself" and are generally barred by Eleventh Amendment sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).  States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983.  *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).  Ramey does not plead any exception to sovereign immunity (*e.g.*, a request for prospective injunctive relief) in his third amended complaint, so his official capacity claims fail as a matter of law as well.

10

claim upon which relief may be granted. Dismissal will be with prejudice this time, as Ramey has repeatedly failed to cure the deficiencies in his pleadings with previous amendments allowed. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

11